PER CURIAM:
Claimant brought this action to recover the value of certain personal property items that he alleges were negligently destroyed by respondent while he was an inmate at Mt. Olive Correctional Complex. Claimant was serving a term of confinement in segregation. When he was released to return to the main population, he noticed several food items had been destroyed. Claimant placed a value of $32.30 upon the items. The Court is of the opinion to deny this claim based upon the findings set forth herein below.
A hearing by video teleconference was conducted by the Court in this claim on October 30, 2003, at which time the claimant testified as to the facts and circumstances giving rise to this claim. Claimant, Charles Kilmer, was in a regular cell at Mount Olive Correctional Complex until he was placed in punitive segregation on October 17,2002. Claimant was released from segregation on January 15, 2003, to return to the main population at which time he was given an “inmate property seizure form”. The form was dated October 18, 2002, and listed the food items that respondent had seized. It also indicated that the property was to be either mailed out of the facility or it would be destroyed. Claimant subsequently discovered that the food items were destroyed. According to claimant, the day he was released from segregation was the first time that he was given notice that his food items had been seized and destroyed. Claimant exhausted all administrative remedies in seeking to be reimbursed for those food items he considers to have been negligently destroyed. Fie stated that the food items were still in their regular packages and that only a few items had been opened. While claimant admits that a loaf of bread and a cherry pie might have spoiled, he stated that all other *143 items would not have spoiled within the ninety days he spent in segregation. Claimant testified that he was never given the opportunity to mail the food items out of the facility which he would have chosen to do. Further, he testified that respondent knew or should have known that these food items would not spoil within the ninety day time period he was in segregation, and should not have destroyed them. Claimant’s food consisted of various canned, packaged and boxed items for which he seeks $32.30.
Claimant contends that respondent negligently destroyed his food items while he was in segregation without giving him notice or an opportunity to mail the items out of the facility.
Respondent did not present any witnesses in this claim.
Fred Kerby was called by claimant as a witness in this claim. Mr. Kerby is an Inspector Two for respondent at Mount Olive Correctional Complex. Mr. Kerby completed the “Food Code Course” training in 1999 through the West Virginia Department of Health and Human Resources which certified him to inspect food at respondent’s facilities. He testified that this training was for health and food standards and compliance with the “Food Code”. Mr. Kirby testified that he wrote the “Fire Safety and Sanitation Inspection Report” pertaining to claimant’s food items remaining in his cell while claimant was in segregation. The report was introduced into evidence at the hearing of this matter by the claimant and states in part that claimant had excessive amounts of food stuff in his cell, and that since he was sent to segregation for an extended period of time, the food would either be mailed out or destroyed because it presented a health hazard. However, Mr. Kerby stated that at the time he wrote the inspection report he made a mistake when he indicated that the food items could be mailed out. He testified that regardless of whether or not the food is sealed it cannot be mailed from the facility. According to Mr. Kilby, respondent’s policy and operational procedures require it to dispose of any food that reaches the state shop and to allow inmates to mail food items out presents a health risk to the recipient. In addition, he testified that the health code will not permit storage of food at the state shop because its not adequately equipped to do so which presents a serious health hazard.
In the present claim, the Court is of the opinion that respondent was not negligent in destroying claimant’s food items. The testimony presented at the hearing established that respondent’s policy is to destroy food items that are left in an inmates cell when the inmate is sent to the segregation unit, referred to as lock-up. Respondent does not store food items for an extended period of time because it presents a health hazard to the inmates. Thus, claimant’s food items had to be destroyed when he was sent to lockup. The mere fact that respondent made a mistake and indicated on a property seizure form that the items could be destroyed or mailed out does not create a duty upon respondent to then store the food items. The testimony established that this was harmless error on the part of an employee who testified as to such at the hearing. The Court is convinced that respondent acted reasonably and diligently in carrying out its policy and procedures.
Therefore, in view of the foregoing, the Court is of the opinion to and does hereby deny this claim.
Claim disallowed.